Terry L. McCollough, Orlando, Fla., for debtor.

Frank M. Wolff, Orlando, Fla., trustee.

In re William A. KINDORF,
Jr., Debtor.

Frank M. WOLFF, Trustee, Plaintiff,

v.

Joanne KINDORF and William Kindorf,
Jr., a/k/a William Arthur
Kindorf, Defendants.

Bankruptcy No. 87–01455–BKC–6C7.

Adv. No. 89–0117.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 2, 1990.

## ORDER ON MOTION TO DISMISS AND MOTION TO CONTINUE

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding comes before the Court at the Pretrial Conference for consideration of Defendant, William Kindorf, Jr.'s, Motion to Dismiss for lack of subject matter jurisdiction. Upon due consideration of the Motion together with supporting memoranda of law and argument of counsel, the Court determines that the Motion shall be denied on the following basis together with the reasoning set forth by the Court on the record at the Pretrial Conference.

The Motion of Defendant challenges the subject matter of jurisdiction of this Court to adjudicate this action by the Trustee to avoid an alleged fraudulent transfer. William Kindorf, Sr. has not filed any claim in this Chapter 7 proceeding. Her contention

is that such an action is a "private" cause of action as defined by the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and *Granfinanciera S.A. v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 and accordingly this action requires adjudication by a court and judge constituted under Article III of the United States Constitution. The Motion further contends that by referring this matter from the District Court to the Bankruptcy Court for the Middle District of Florida 28 U.S.C. § 157, the general reference statute, unconstitutionally delegates Article III judicial power to an Article I Court.

The Motion by Defendant sets forth an alleged defect which is very similar to that determined by the Court in *Marathon*. *Marathon* held that the assignment of jurisdiction to the Bankruptcy Court, through 28 U.S.C. § 1471 (since repealed) violated Article III of the Constitution. In the wake of *Marathon*, Congress enacted 28 U.S.C. § 157 as part of a comprehensive revamping of Bankruptcy Court jurisdiction.

Examined under the present jurisdictional scheme, this is a "core" matter, which the statute allows the District Court to refer to the Bankruptcy Court, through a "general reference", for final adjudication, with the District Court sitting in the role of appellate court with the traditional power of review. This is in contrast to the District Court's power of de novo review in the case of "non-core" matters.

The Court is familiar with the reasonings set forth in *Friedman v. Gold Advice, Inc.*, 103 B.R. 335 (Bankr.S.D.Fla.1989) and *Ellenberg v. Bouldin*, 1990 Bankr. Lexis 60 (Bankr.N.D.Ga.1990) but is not bound by those decisions and disagrees with their holdings as applied to this case. Further, the Court is aware of no decision by the District Court for the Middle District of Florida, which the Court *would* be bound by, which speaks to this issue. Nor is the Court aware of any decision by the 11th Circuit Court of Appeals which controls the determination of this Motion. The Court is aware of the decision in *Ben Cooper v. the Insurance Company of the State of Pennsylvania, et al.*, 896 F.2d 1394 (2d Cir. 1990), and considers the reasoning by the 2d Circuit to be correct.

Accordingly, the Court determines that the jurisdiction of the subject matter of this action is proper through the effect of 28 U.S.C. § 157 and that the statute is constitutional.

Defendant's companion Motion to Continue the trial in this matter, for the purpose of allowing intervention by the Attorney General under 28 U.S.C. § 2403 and for additional briefing and argument, is denied. Additionally, any Motion for Stay of these proceedings pursuant to 28 U.S.C. § 158, pending determination by the District Court on a Motion for Leave to Appeal will be denied.

DONE AND ORDERED.